IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ROBERT CARL SHARP,**

    **Petitioner,**

v.                                                                                             **Civil Action No.: 3:23-CV-138
                                                                                            (GROH)**

**WARDEN BROWN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On May 30, 2023, the Petitioner Robert Carl Sharp, an inmate incarcerated at FCI Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, claiming that officials at the Federal Bureau of Prisons (BOP) have unlawfully computed his sentence. He contends these errors increase his Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score under the First Step Act ("FSA"), and custody level points, and prevents him from receiving his Earned Time Credits ("ETCs") and receiving the maximum FSA relief. ECF No. 1 at 1, 5–6.[1] The Petitioner paid the filing fee on June 9, 2023. ECF No. 6.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the

---

[1] All ECF numbers cited herein are from the instant case, 3:23-CV-138, unless otherwise noted.

Petition be dismissed without prejudice.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Conviction and Sentence[2]

On September 22, 2015, a superseding indictment was returned, which charged the Petitioner and a co-defendant with drug trafficking offenses. ECF No. 99. On October 5, 2015, the Petitioner entered a plea of guilty to Counts One, Two, and Three of the superseding indictment which charged him with conspiracy to distribute and possess with intent to distribute a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 846, and 18 U.S.C. § 2. ECF Nos. 99, 131, 133, 134, 135.

The Petitioner moved to withdraw his plea on January 22, 2016. ECF No. 173. Following the filing of a March 17, 2016, Report and Recommendation which recommended that the motion be denied, the District Court overruled the Petitioner's objections, denied the motion to withdraw the guilty plea and adopted the Report and Recommendation on May 4, 2016. ECF No. 203 at 26.

On October 5, 2016,[3] the Petitioner was sentenced to an aggregate term of 260 months, consisting of 240 months of incarceration for Counts 1, 2, and 3, with the terms for counts 1 and 2 to be served concurrently with one another, and 120 months of the sentence imposed on Count 3 to be served consecutively to the 240-month concurrent

---

[2] The facts are taken from Petitioner's criminal conviction in the Northern District of Iowa, in case number 1:15-CR-31, available on PACER. Unless otherwise noted, the ECF entries in sections II.A., and II.B., refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] The Judgment is dated October 5, 2016, however, the judgment was not filed with the Clerk until October 6, 2016. ECF No. 222 at 1.

terms imposed on Counts 1 and 2. ECF No. 119 at 2.

### B. Direct Appeal

On January 5, 2018, the United States Court of Appeals for the Eighth Circuit affirmed the Petitioner's conviction, in that court's docket 16-4008. See ECF No. 237. The United States Supreme Court denied certiorari on October 9, 2018. ECF No. 252.

### C. Motions to Vacate Pursuant to 28 U.S.C. § 2255

A review of PACER shows that on October 8, 2019, the Petitioner filed a collateral attack in the Northern District of Iowa in case number 1:19-CV-113. N.D. Iowa 1:19-CV-113, ECF No. 1. The motion to vacate was denied, and the Petitioner was denied a certificate of appealability on November 8, 2022. N.D. Iowa 1:19-CV-113, ECF No. 22. The Petitioner filed an appeal with the Eighth Circuit, in that court's docket 23-1365, which appeal remains pending.

The Petitioner also filed a separate motion to vacate in the Northern District of Iowa in case number 1:22-CV-23, on March 4, 2022. N.D. Iowa 1:22-CV-23, ECF No. 1. On November 8, 2022, the District Court denied the Petitioner's motion. N.D. Iowa 1:22-CV-23, ECF Nos. 6, 7. The order denying relief concluded that "the present filing should be considered a motion to amend the movant's first Section 2255 Motion to Vacate, Set Aside or Correct Sentence which was filed by the movant on November 8, 2019." N.D. Iowa 1:22-CV-23, ECF No. 6 at 2. The Eighth Circuit denied the Petitioner a certificate of appealability and dismissed his appeal of this decision on June 9, 2023. N.D. Iowa 1:22-CV-23, ECF No. 21.

### D. Instant Proceedings Under 28 U.S.C. § 2241

The Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. §

2241, on May 30, 2023, wherein he claims that the Bureau of Prisons (BOP) has: (1) improperly used an aggravated assault conviction that is more than 15 years old, and occurred when the Petitioner was a minor, to assign the Petitioner a higher level of custody points, which thereby raises the Petitioner's PATTERN score, and prevents him from earning the maximum Earned Time Credits of 15 days per 30 day period; (2) improperly assigned the Petitioner custody level points for two prior expunged offenses, which results in an elevated PATTERN score which prevents the Petitioner from earning the maximum ETCs; and (3) erroneously determined that the Petitioner absconded, thereby raising his custody level scoring, and again prevents him from earning the maximum ETCs. ECF No. 1 at 5–6.

As relief, the Petitioner asks the Court to order: (1) the FBOP to lower his custody classification criminal history score from 8 to 4; (2) eliminate the 'minor escape' finding to remove 2 custody scoring points; and (3) decrease to his FSA PATTERN score so that he is eligible for Earned Time Credits ("ETCs") under the FSA. ECF No. 1 at 8.

The Respondent filed a motion to dismiss, and memorandum in support thereof on January 17, 2024. ECF Nos. 14, 15. In the memorandum, the Respondent argues that the Petitioner's claim is raised prematurely. ECF No. 15 at 1. The Respondent contends that because the Petitioner's projected release date is November 7, 2040, and because the time credits earned may not be applied to prerelease custody until the amount of earned time credits is equal to the remainder of the inmate's imposed term of imprisonment Petitioner's contentions are not ripe for consideration. Id. at 3. The Respondent further contends that similar requirements exist under the First Step Act for

4

earned time credits to apply to supervised release. Id.

In support of his motion to dismiss, the Respondent asserts that "[t]he statute governing the release of an inmate with FSA time credits directs the BOP to apply credits for a person who has earned them 'in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment.'" Id. at 6. Further, the Respondent argues that even if the Petitioner were entitled to the application of the maximum of 365 days of credit towards early release from custody, "it would not result in Petitioner's immediate release from custody since his release date is November 7, 2040." Id. at 8.

Accordingly, the Respondent argues that the Petitioner's claim is not yet ripe, and is thus precluded from consideration by the courts, until there is an "actual, ongoing case [ ] or controvers[y]." Id. at 5, citing Lewis v. Continental Bank Corp., 494 U.S., 472, 477, (1990).

On January 30, 2024, the Petitioner filed a response, wherein he contends that: (1) the government misstated his offense of conviction; (2) that he has properly challenged his sentence under § 2241, citing Setser v. U.S., 566 U.S. 231 (2012); (3) that he has made a "clear claim" that he is not receiving ETCs to which he is entitled; (4) that the Respondent is "currently withholding properly earned time credits" pursuant to the holding in Ellison v. Zatecky, 820 F.3d 271 (7th Cir. 2016)[4]; (5) that in the Fifth Circuit courts have determined that a petitioner can challenge his security classification or place of confinement pursuant to § 2241 and that Congress has created a liberty interest in the Petitioner's security classification by making security classification a

---

[4] Ellison v. Zatecky is a § 2254 habeas corpus case which holds that an Indiana state prisoner who challenged a prison disciplinary proceeding which resulted in the loss of 90 days of earned credit time, "ha[s] a liberty interest in earned good-time credits and must be afforded due process before those credits may be taken away." Ellison v. Zatecky, 820 F.3d 271, 274 (7th Cir. 2016).

5

factor for consideration of ETCs; and (6) that he is requesting the Court to direct the BOP, pursuant to 18 U.S.C. § 3632(d)(5), to reassess and correct the Petitioner's erroneously calculated PATTERN score. ECF No. 18.

On February 13, 2024, the Respondent filed a reply which asserts that: (1) the Petitioner is incarcerated for drug related offenses, not firearm related offenses as stated in the memorandum [ECF No. 15], but that the error does not affect the Petitioner's PATTERN score; (2) the Petitioner erroneously conflates Good Conduct Time ("GTC") with First Step Act Earned Time Credits ("ETC"); (3) neither custody classification nor PATTERN scoring are reviewable by the courts; and (4) the Petitioner's challenge to the information in his Central File is improperly considered under § 2241, and any remedy which might be available lies in the civil remedy provision of the Privacy Act, 5 U.S.C. § 552a *et seq*. ECF No. 19.

### III.   STANDARD OF REVIEW

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines

v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

**C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

498.

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal

8

authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV.  ANALYSIS

The Petitioner is not entitled to relief because his claim is premature. The Petitioner contends that his sentence calculation was incorrect and that under the First Step Act he should have Earned Time Credits which would shorten his term of incarceration. ECF No. 1. The Petitioner further asserts that he is entitled to earn FSA

credits at the rate of 15 days per 30 days of successfully completed programming. ECF No. 1 at 5–6.

The Respondent argues that the Petitioner's claims are not ripe for disposition. Id. The Respondent asserts that under the First Step Act, the BOP[6] is directed to apply credits for a person who has earned them in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment. ECF No. 15. Because the Petitioner's release date is November 7, 2040, and the maximum allowable credit towards early release from custody is 365 days, even if the Petitioner were entitled to that time credit, it would not result in his immediate release. The earliest date which the Petitioner could have any sentence credits, applied toward his early release from incarceration is 365 days before his projected release November 7, 2040, release date. Further, the application of the credits does not automatically occur 365 days prior to projected release, rather, the date that credits are applied is when the earned credits are equal to the remainder of the prisoner's imposed term.

Accordingly, the undersigned finds that the Petitioner's claims are premature, because he is not entitled to have any allowable sentence credits under the First Step Act applied until 365 days prior to his projected release date of November 7, 2040.[7] For all these reasons, the Petitioner is not entitled to relief, and the petition should be denied as premature.

### V. RECOMMENDATION

---

[6] The United States Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement. United States v. Wilson, 503 U.S. 329, 333 (1992). See Barber v. Thomas, 560 U.S. 474 (2010); United States v. Jackson, 952 F.3d 492, 498 (4th Cir. 2020) ("BOP has created extensive regulations concerning its duty to calculate sentences"). The Petitioner seeks sentence credit under the First Step Act.

[7] Because this case is premature for consideration, the undersigned finds that it is not necessary to address the remaining arguments of the Petitioner and Respondent.

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE** because Petitioner's claim is premature for consideration.

It is further **RECOMMENDED** that the Respondent's motion to dismiss [ECF No. 14] be **GRANTED**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to

his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

**DATED:** March 14, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE