IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ROBERT CARL SHARP,**

       Petitioner,

v.                                               **CIVIL ACTION NO.: 3:23-CV-138
(GROH)**

**WARDEN BROWN,**

       Respondent.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 22. Pursuant to the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. In his R&R, Magistrate Judge Trumble recommends that (1) the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be denied and dismissed without prejudice and (2) the Respondent's motion to dismiss [ECF No. 14] be granted. ECF No. 22 at 11. The Petitioner filed his objections to the R&R on March 29, 2024. ECF No. 27. Accordingly, this matter is ripe for adjudication.

### I.  LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S.

140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil

2

Procedure and this Court's Local Rules, "referring the [C]ourt to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II.  DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and succinctly summarized the factual and procedural history of this case in his R&R. ECF No. 33 at 2–6. In the interest of brevity, the Court incorporates that summary herein.

In his R&R, Magistrate Judge Trumble recommends the Court deny and dismiss without prejudice the Petitioner's § 2241 petition on the basis that the Petitioner's claims are premature. Id. at 10. Specifically, Magistrate Judge Trumble found the BOP is directed to *apply* an individual's First Step Act Earned Time Credits ("FSA Credits") only once an individual has *earned* FSA Credits "equal to the remainder of the [individual's] imposed term of imprisonment." Id.; see also 18 U.S.C. §§ 3624(g)(1)(A), (g)(3). Thus, because

3

the Petitioner's projected release date is November 7, 2040, Magistrate Judge Trumble reasoned that even the maximum allowable amount of FSA Credits would be insufficient to equal the remainder of the Petitioner's sentence. Id. Accordingly, Magistrate Judge Trumble found the Petitioner's claims seeking the application of FSA credits are premature. Id.

"The Petitioner objects to [that] finding." ECF No. 27 at 2. Specifically, the Petitioner makes two objections to the R&R.[1] First, he contends his claims are not premature because FSA Credits "shall be applied toward time in prerelease custody or supervised release," which then means his claims "would be relevant potentially many years prior to November 7, 2040." Id. (quoting 18 U.S.C. § 3632 (d)(4)(C)). Second, the Petitioner argues that even if his claims are premature, this Court should still hear them because he has a protected liberty interest in application of FSA Credits and that the BOP clearly and unconstitutionally acted outside the scope of its authority by failing to apply FSA Credits Id. at 2–4 (citing Wolff v. McDonnell, 418 U.S. 539 (1974); Dale v. Ziegler, 2011 WL 1297071, at *5 (N.D. W. Va. Jan. 18, 2011) (Seibert, M.J.), R. & R. adopted by 2011 WL 1297051 (N.D. W. Va. Apr. 5, 2011)).

The Court reviews the Petitioner's objections *de novo*. Ultimately, the Court holds the Petitioner's claims are not ripe. Accordingly, the Court shall overrule the Petitioner's objections.

---

[1] On July 15, 2024, the Petitioner filed what is stylized as a "Motion for Consideration." ECF No. 30. Therein, the Petitioner argues the Supreme Court of the United States' recent decision in Loper Bright Enterprises v. Raimondo is relevant to his case. Id. at 2–3 (citing No. 22-451, (U.S. June 28, 2024)). For the reasons more fully articulated in Magistrate Judge Trumble's Order Denying Petitioner's Motion to Hold the Case in Abeyance [ECF No. 21], this Court finds Loper Bright inapposite.

Under Article III of the U.S. Constitution, federal courts "may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). To be justiciable as such a "case or controversy," a claim must be ripe—i.e., it must not be "contingent [upon] future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998).

Relevant here, federal courts have consistently held prisoners' claims seeking application of FSA Credits are not ripe until the prisoner is statutorily eligible for the same. See Patrick v. Heckard, 2024 WL 770631, at *4 (S.D. W. Va. Jan. 26, 2024) (collecting cases). To be statutorily eligible for application of FSA Credits, a prisoner must have earned FSA Credits equal to the remainder of that prisoner's sentence. Mills v. Starr, 2023 WL 2645030, at *2 (D. Minn. Mar. 27, 2023) ("the BOP may apply [FSA Credits] only when the number of credits equals the remainder of the prisoner's sentence.") (citing Lallave v. Martinez, 2022 WL 2338896, at *11 (E.D.N.Y. June 29, 2022); 18 U.S.C. § 3624(g)(1)(A)). Being statutorily eligible is a prerequisite to ripeness because FSA Credits "earned . . . 'may be lost' as a result of misconduct in prison." Adkins v. Engleman, 2022 WL 14966123, at *1–2 (C.D. Cal. Sept. 8, 2022), R. & R. adopted by 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022) (quoting Milchin v. Warden, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022)); see also 28 C.F.R. §§ 523.43, 541.3. Consequently, a court decision issued prior to the prisoner becoming statutorily eligible would constitute an advisory opinion. See Patrick, 2024 WL 770631 at *4 (citing Ford v. Chapman, 371 F. App'x 513, 514 (5th Cir. 2010) (per curiam)).

Thus, for the Petitioner's claims to be ripe, he must be statutorily eligible for application of FSA Credits by having earned them in an amount equal to the remainder

5

of his sentence. The Court finds he has not. With a release date of November 7, 2040, the Petitioner has approximately 16 years remaining on his sentence. Therefore, the Petitioner would need to have earned approximately 16 years of FSA Credits to have earned an amount equal to the remainder of his sentence. This is mathematically impossible. Indeed, the maximum rate at which a prisoner can earn FSA Credits is 15 days "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." See 18 U.S.C. § 3632(d)(4)(A)(i)–(ii). Additionally, the earliest a prisoner could have begun earning FSA Credits is December 21, 2018. Cf. 18 U.S.C. 3632(d)(B)(i) ("A prisoner may not earn time credits under this paragraph . . . prior to the date of enactment of this subchapter[.]"). Thus, the most FSA Credits that could possibly be earned by the date of this Order is slightly more than two years—roughly 14 years shy of the amount necessary for the Petitioner to become statutorily eligible.

Moreover, even assuming it was possible for the Petitioner to be statutorily eligible for application of FSA Credits, he functionally cedes that he is not presently. Specifically, by arguing his "claims would be relevant *potentially*" in the future, the Petitioner implies they are not relevant *concretely* in the present. ECF No. 27 at 2 (emphasis added); see also United States v. Fruehauf, 365 U.S. 146, 157 (1961). Indeed, his argument all but confirms his claims are "contingent [upon] future events that may not occur as anticipated, or indeed may not occur at all." Texas, 523 U.S. at 300. Therefore, the Petitioner's claims are not ripe because he is not statutorily eligible for application of FSA Credits. Accordingly, the Court shall overrule the Petitioner's first objection.

6

In the Petitioner's second objection, however, he argues this Court can hear his claims even if they are not ripe. ECF No. 27 at 3. In support, the Petitioner asserts he has a protected liberty interest in application of FSA Credits and that the BOP clearly and unconstitutionally acted outside the scope of its authority by failing to apply FSA Credits, which allows this Court to act despite the claims not being ripe. Id. at 3–4 (citing Wolff, 418 U.S. 539; Dale, 2011 WL 1297071 at *5). The Court finds this argument misplaced. Specifically, the authority the Petitioner relies on is concerned not with ripeness, but with the propriety of judicial review in circumstances where it is expressly excluded under the Administrative Procedure Act. Dale, 2011 WL 1297071, at *5 (holding "even where judicial review under the APA is specifically excluded by statute, [courts] may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority."). Thus, the Petitioner's second objection provides no justification for hearing claims that are not ripe. Accordingly, the Court shall overrule the Defendant's second objection.

In sum, the Petitioner's claims are not ripe because he is not statutorily eligible for application of FSA Credits. "[The Court] cannot decide a claim that is not ripe for adjudication." Ross Dev. Corp. v. Fireman's Fund Ins. Co., 809 F. Supp. 2d 449, 461 (D.S.C. Aug. 19, 2011) (citing Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807 (2003)). Accordingly, the Court shall overrule the Petitioner's objections.

### III. CONCLUSION

For the above reasons, the Petitioner's objections [ECF No. 27] are **OVERRULED**. Upon review and consideration, this Court holds the R&R carefully considered the record and applied the appropriate legal analysis. Therefore, it is the opinion of this Court that

Magistrate Judge Trumble's Report and Recommendation [ECF No. 22] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, it is **ORDERED** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Consequently, this matter is **ORDERED STRICKEN** from the Court's active docket.

It is **FURTHER ORDERED** that the Respondent's motion to dismiss [ECF No. 14] be **GRANTED**.

Any remaining motions are hereby **TERMINATED AS MOOT**. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to (1) any counsel of record by electronic means and (2) the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 22, 2024

_/s/ Gina M. Groh_
GINA M. GROH
UNITED STATES DISTRICT JUDGE